IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA | **I N D I C T M E N T** |
| v. | Case No. _____ |
| DAVANTE CURRY, a/k/a MARK; and<br>DANTE HAGLER,<br>a/k/a DION DAVIS,<br>a/k/a DAN | Violation:  21 U.S.C. § 846 |

**Conspiracy to Distribute and Possess with Intent to Distribute Oxycodone**

The Grand Jury Charges:

From in or about January 2018 until in or about July 2018, in the District of North Dakota, and elsewhere,

DAVANTE CURRY, a/k/a MARK; and
DANTE HAGLER, a/k/a DION DAVIS, a/k/a DAN,

knowingly and intentionally combined, conspired, confederated, and agreed with others, both known and unknown to the grand jury, to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1. It was a part of said conspiracy that the defendants and others would and did distribute, and possess with intent to distribute, pills containing a detectable amount of oxycodone, a Schedule II controlled substance;

2. It was further a part of said conspiracy that the defendants and others would and did utilize other persons, including Amanda Little Swallow and Elyssa Lingle (persons charged in United States District Court for the District of North Dakota, case number 1:18-cr-124), as sub-distributors of pills containing a detectable amount of oxycodone, a Schedule II controlled substance, in and about the Fort Berthold Indian Reservation, and elsewhere;

3. It was further a part of said conspiracy that the defendants and others would and did attempt to conceal their activities;

4. It was further a part of said conspiracy that the defendants and others would and did use United States currency in their drug transactions;

5. It was further a part of said conspiracy that the defendants and others would and did use telecommunication facilities, including cellular telephones, to facilitate the distribution of controlled substances;

6. It was further a part of said conspiracy that the defendants and others utilized motor vehicles to transport pills containing a detectable amount of oxycodone, a Schedule II controlled substance, for distribution;

7.	It was further a part of said conspiracy that one or more of the conspirators traveled between and within Minnesota and North Dakota, and elsewhere, to obtain and distribute pills containing oxycodone, a Schedule II controlled substance, and to transport the proceeds of distribution activity;

8.	It was further a part of said conspiracy that the defendants and other conspirators utilized hotel and motel rooms in New Town, Stanley, and Minot, North Dakota, and elsewhere, in which to store, conceal, and distribute pills containing a detectable amount of oxycodone, a Schedule II controlled substance, and to store and conceal proceeds of drug distribution activity; and

9.	It was further a part of said conspiracy that the defendants and others utilized money wire services to send and receive proceeds of the distribution of pills containing detectable amount of oxycodone, a Schedule II controlled substance;

In violation of Title 21, United States Code, Section 846; <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946).

A TRUE BILL:

/s/ Foreperson
Foreperson

/s/ Drew H. Wrigley
DREW H. WRIGLEY
United States Attorney

RLV/tmg